Donald R. Sallah, Esq. Farmingville, N Y
We acknowledge receipt of your letter requesting a legal opinion on the question: "Does a resident elector of a fire district have to be a registered voter to serve as fire commissioner?"
An elector of a fire district organized and existing under the provisions of Town Law Article 11 (§§ 170-189) must be a registered voter from a residence within the fire district. A registered voter is a person having a current valid registration under permanent personal registration. The word "resident" in connection with the expression "elector of a fire district" neither adds to nor detracts from the meaning. The enclosed copies of informal opinions of the Attorney General published in 1970 Opinions of the Attorney General 181 and 198, relating to registration of voters for town and fire district elections will be of assistance in clarifying this.
You comment in your letter that not all elective officers are required to be registered voters.
Those public officers whose selection and qualifcations are provided for in the Town Law are: (a) town officers (section 23); (b) fire district officers (section 175, subdivision 3); and (c) district commissioners of improvement districts in those improvement districts which are not governed by the town board (section 211). These officers are required to be electors of the town and, in categories (b) and (c), they are required to be electors of the district involved. Town Law § 175, subd 3 sets the qualifications for fire district officers, which include being an elector of the district.
Village officers, their selection and qualifications, are provided for in Village Law § 3-300, subd 2, which does not require that village officers be electors of the village.
The above difference in the two statutes has been of long standing. As recently as 1968 the Legislature, by Chapter 767 of the Laws of 1968, amended both the Town Law and the Village Law concerning qualifications to hold office but this traditional difference in qualifications was not eliminated. Again, the new Village Law, which became effective on September 1, 1973, could have changed the qualifications in this respect for village officers but it did not.
In our opinion, providing differing statutory provisions setting qualifications to hold public office in different kinds of governmental units does not constitute an improper exercise of legislative judgment.
In our opinion, it is necessary that a fire district commissioner of a fire district created under Town Law Article 11 (§§ 170-189) be a registered voter in the fire district in order to be elected to or to continue in that office.